FILED
SEP 06 2005
ARLEN B. COYLE, CLERK
BY_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELLIOTT GUNTHARP, by and through
his brother, Kent Guntharp                                           **PLAINTIFF**

VS.                                                    CIVIL ACTION NO. 1:05CV177-D-D

ITAWAMBA COUNTY SHERIFF'S DEPARTMENT
and ITAWAMBA COUNTY, MISSISSIPPI                                    **DEFENDANTS**

## ANSWER

COME NOW Defendants, Itawamba County Sheriff's Department and Itawamba County, Mississippi, and answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants assert and invoke all defenses available to them as set forth in *Fed. R. Civ. Pro. 12(b)(1)-12(b)(7)* for which a good faith and legal and/or factual basis exists or may exist in their favor.

### THIRD DEFENSE

Defendants plead any and all applicable avoidance and affirmative defenses contained in *Fed. R. Civ. Pro. 8(c)* including, but not limited to, contributory negligence, estoppel, fraud, illegality, laches, statute of limitations, and waiver.

### FOURTH DEFENSE

Plaintiff is not entitled to any relief and no recovery may be had for the reasons contained in this Answer and because Defendants have not violated any law. Answering further, there can

be no recovery of any damages, liquidated or attorney fees for the reason that all Defendants' actions were in good faith and predicated upon reasonable and just grounds, believing that their actions did not and do not constitute a violation of any law.

### FIFTH DEFENSE

To the extent Plaintiff is alleging any state law claims, Defendants plead all applicable provisions of the *Mississippi Tort Claims Act*, Miss. Code Ann. §11-46-1, *et. seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### SIXTH DEFENSE

Plaintiff's alleged damages were not caused by policy or custom of Itawamba County, Mississippi. Therefore, there is no county liability under federal law.

### SEVENTH DEFENSE

Plaintiff's claim is barred due to his failure to exhaust administrative remedies under 42 U.S.C. §1997(e)(a) and otherwise comply with the provisions of the *Prison Litigation Reform Act*. Defendants specifically plead all applicable sections of 42 U.S.C. §1997.

### EIGHTH DEFENSE

Defendants specifically answer the allegations of the Complaint as follows:

**1.**

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore, deny same.

**2.**

Defendants admit that the Itawamba County Sheriff's Department is a political subdivision of the State of Mississippi that may be served with process upon its Sheriff, Phillip

K. Crane, at 201 South Cummings Street, Fulton, Mississippi 38843. Defendants admit Itawamba County, Mississippi, is a political subdivision of the State of Mississippi that may be served with process upon James E. Witt, the Chancery Clerk of Itawamba County, at 201 West Main Street, Fulton, Mississippi 38843. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 2 of Plaintiff's Complaint and therefore, deny same.

3.

Admitted.

4.

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore, deny same.

5.

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore, deny same.

6.

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore, deny same.

7.

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and therefore, deny same.

8.

Defendants lack sufficient information and knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore, deny same.

**9.**

Defendants deny that because Plaintiff's family had signed an affidavit of poverty, Plaintiff was transported to the Itawamba County Jail. Defendants lack sufficient information and knowledge to admit or deny all remaining allegations in paragraph 9. of Plaintiff's Complaint and therefore, deny same.

**10.**

Upon information and belief, Defendants admit that Plaintiff stayed in the Itawamba County Jail for seven days. Defendants deny he was traumatized by inmates in the jail and by the staff. Defendants specifically answer the sub-allegations contained in Paragraph 10. as follows:

(1) Denied.

(2) Denied.

(3) Denied.

(4) Denied.

(5) Defendants lack sufficient information and knowledge to admit or deny whether inmates drenched Plaintiff with water and therefore, deny same. Defendants deny all remaining allegations contained in sub-paragraph 5. of Plaintiff's Complaint.

(6) Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff had urine thrown on him from an inmate in an adjoining cell and therefore, deny same. Defendants deny all remaining allegations contained in sub-paragraph 6. of Plaintiff's Complaint.

(7) Denied.

(8) Denied.

573247

(9) Denied. Answering further, Plaintiff was allowed to receive all products permitted under jail rules.

(10) Denied.

(11) Denied as stated. Upon information and belief, Plaintiff was housed in a private cell, adjacent to other inmates.

**11.**

Defendants deny that Plaintiff was not allowed to see his family until his court date on or about April 7, 2004. Defendants deny that Plaintiff was abused and neglected in the Itawamba County Jail. Defendants lack sufficient information and knowledge to admit or deny all remaining allegations in Paragraph 11 of Plaintiff's Complaint and therefore, deny same.

**12.**

Defendants deny they are liable to Plaintiff for any causes of action whatsoever. Defendants specifically answer the sub-allegations contained in Paragraph 12. as follows:

(1) Denied.

(2) Denied.

(3) Denied.

(4) Denied.

(5) Denied.

(6) Denied.

(7) Denied.

(8) Denied.

(9) Denied.

(10) Denied.

573247

(11)   Denied.

## NINTH DEFENSE

Plaintiff does not have capacity to sue Defendants and cannot be a real party in interest because Plaintiff is mentally incompetent and Kent Guntharp has not been determined to be Plaintiff's next friend or guardian ad litem.

## TENTH DEFENSE

Defendants deny all allegations contained in Plaintiff's Prayer for relief and deny that Plaintiff is entitled to recover any damages whatsoever. Plaintiff's Complaint is without merit and should be dismissed in its entirety and Defendants should be awarded reasonable attorney fees and costs incurred in the defense of this action.

This the 2nd day of September, 2005.

Respectfully submitted,

*[signature]*

Berkley N. Huskison (MSB 9582)
Christopher J. Latimer (MSB 101549)
*Attorneys for Defendants*

Of Counsel:

Mitchell, McNutt & Sams
215 Fifth Street North
Post Office Box 1366
Columbus, Mississippi 39701
Telephone: 662.328.2316

573247

6

## CERTIFICATE OF SERVICE

I, Berkley N. Huskison, do hereby certify that I have this day forwarded a true and correct copy of the above and foregoing instrument, via United States mail, postage prepaid, to the following:

Jim Waide, Esquire
Waide & Associates, P.A.
Post Office Box 1357
Tupelo, MS 38802

This the 2nd day of September, 2005.

_____
Berkley N. Huskison

573247